*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 19-AA-319

ROBERT ESCOBAR, PETITIONER,

v.

DISTRICT OF COLUMBIA
DEPARTMENT OF HEALTH, RESPONDENT.

On Petition for Review of an Order of the
District of Columbia Office of Administrative Hearings
(DOH-7-19)

(Decided April 2, 2020)

*Robert Escobar* on motion to stay for petitioner.

*Graham E. Phillips*, Assistant Attorney General, with whom *Karl A. Racine*, Attorney General, *Loren L. AliKhan*, Solicitor General, and *Carl J. Schifferle*, Acting Deputy Solicitor General, filed a renewed motion to dismiss for respondent.

*Jonathan H. Levy* for the Legal Aid Society of the District of Columbia, amicus curiae.

Before GLICKMAN and BECKWITH, *Associate Judges*, and NEBEKER, *Senior Judge*.

PER CURIAM: Petitioner Robert Escobar challenges the final order of the Office of Administrative Hearings (the OAH) that affirmed the determination of the District of Columbia Department of Health (the DOH) that his dog, Polo, was a

"dangerous dog" under the Dangerous Dog Amendment Act of 1988, as amended by the Animal Protection Amendment Act of 2008 (the Act). *See* D.C. Code § 8-1901, *et seq*. (2013 Repl. & 2019 Repl.). Petitioner filed his petition for review in this court despite the statutory provision directing review to the Superior Court. Because petitioner is proceeding *pro se*, this court invited the Legal Aid Society of the District of Columbia to file an amicus brief as to jurisdiction. Both respondent and amicus assert that review of the OAH order lies in the Superior Court; they disagree, however, on whether such review is de novo or a review of the record on appeal. Because this court has not addressed this issue and the appeal rights provided to petitioner were confusing, we do so now.

After receiving a complaint, the Executive Director of the DOH Animal Services Program issued a Notice of Dangerous Dog Determination to petitioner stating his dog, Polo, a young German Shepherd, had attacked and killed Reese, a Yorkshire Terrier, without provocation. In response, petitioner filed a hearing request on March 11, 2019. That hearing occurred on March 25, 2019, at the OAH. Both petitioner and Carolina Flores, co-owner of Polo, appeared and testified as to the incident.[1] The DOH appeared and Animal Control Investigator

---

[1] Ms. Flores is not a party in this petition for review.

Jeremy Daniels testified on behalf of the DOH and proffered exhibits 2 through 9, which were admitted into evidence.

On March 26, 2019, the ALJ issued a Final Order, affirming the decision of the DOH that Polo is a dangerous dog as defined by D.C. Code § 8-1901 (2013 Repl.), concluding the DOH proved by a preponderance of the evidence that Polo's attack on Reese was unprovoked and stating the testimony of petitioner and Ms. Flores did not persuade her that Reese provoked Polo during the incident or at any other time. The ALJ ordered petitioner to comply with the registration, vaccination, housing, and other obligations set forth in §§ 8-1904 and 1905 of the Act. On April 3, 2019, petitioner filed a motion for reconsideration and sought a stay. The next day, the OAH imposed a temporary stay, and on April 11, 2019, the OAH denied petitioner's motion for reconsideration and lifted the temporary stay. This petition for review and various motions and pleadings followed. This court entered an administrative stay while it considered the issue of jurisdiction.

It is well established that this court has jurisdiction to hear a petition for review of a decision by an administrative agency in contested cases.[2] In *District of*

---

[2] *See* D.C. Code § 2-510(a) (2016 Repl.).

*Columbia v. Sullivan*,[3] however, this court held that the Council had the authority to and intended to create an exception to direct review of contested cases by this court under the District of Columbia Administrative Procedure Act (DCAPA) for certain cases adjudicated under the Traffic Adjudication Act.[4]  Additionally, in *Price v. Bd. of Ethics and Gov't Accountability*,[5] this court held the Ethics Act did not run afoul of the Home Rule Act and concluded there was a clear legislative intent to create an exception to the DCAPA's definition of a contested case.

The Dangerous Dog Amendment Act of 1988 specified that appeals from dangerous dog determinations were to the Superior Court for de novo review. Specifically, the statute provided that "the owner may, within 5 days of the determination, bring a petition in the Superior Court of the District of Columbia seeking de novo review of the determination"—thereby defining these cases as uncontested cases.[6]  *See* D.C. Code § 2-502(8)(A) (2016 Repl.) (excluding from the DCAPA's definition of contested cases "[a]ny matter subject to a subsequent trial of the law and the facts de novo in any court").  In 2008, the District of

---

[3]  436 A.2d 364 (D.C. 1981).

[4]  *Id*. at 367-68.

[5]  212 A.3d 841, 846 (D.C. 2019).

[6]  D.C. Law 7-176 (Oct. 18, 1988).

Columbia Council amended the statute as part of a larger legislative review and continued the review of decisions to the Superior Court by the filing of a petition, but deleted the de novo review language.[7]

This change in the statute—deleting de novo review—meant that these cases no longer were uncontested cases as defined in D.C. Code § 2-502(8)(A). The OAH's determination that a dog is a "dangerous dog" or "potentially dangerous dog" therefore becomes a contested case. We further conclude that the retention of the language that review lies with the Superior Court demonstrates that the District of Columbia Council intended to create an exception to the DCAPA. This exception does not violate the Home Rule Act.[8] Because the statute makes clear that review of these proceedings lies in the Superior Court, we vacate the administrative stay and dismiss this case for lack of jurisdiction. Review of the Superior Court's decision is available in this Court. The Clerk shall transfer the petition for review to the Superior Court for filing as a petition for review *nunc pro tunc* to April 12, 2019, the date the petition was filed with this court. Accordingly,

---

[7] Animal Protection Amendment Act of 2008, D.C. Law 17-281 (Aug. 4, 2008); *see also* D.C. Code § 8-1902(g)(1) (2013 Repl. & 2019 Repl.) ("Within 5 days of the issuance of an order by the hearing officer determining that the dog is a potentially dangerous or dangerous dog, the owner may bring a petition in the Superior Court of the District of Columbia seeking review of that determination.").

[8] D.C. Code § 1-206.02(a)(4) (2016 Repl.); *see also Price*, 212 A.3d at 846.

the other pending motions are denied as moot and the Clerk shall issue the mandate forthwith.

*So ordered.*